UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SOLANO CO.,<br><br>Respondent. | No. 2:19-cv-0540-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of mandamus[1] requiring that the Solano County Superior Court of California discharge him from state custody pursuant to what he claims to be a judgment entered on August 6, 2013 by what he characterizes as the "Shaykamxum Grand/Supreme Court."[2] ECF No. 1. According to petitioner, that judgment

---

[1] He also requests leave to proceed in forma pauperis. ECF No. 2. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

[2] Petitioner uses alternative spellings for this alleged court. ECF No. 1 at 2 ("Shaykamxum"), *id.* at 6 and 9 ("Shaykamaxum"). Petitioner describes this court as "a Judicial Tribunal Court of Record and International Common Law Court, which is the court of the indigenous tribal government of the Atlan Amexem Al Moroc NW." ECF No. 1 at 6. The entity appears to be a fictitious tribunal. *See Jolivette v. Superior Court,* 2013 WL 6331356, at *1 (E.D. Cal. Dec. 5, 2013) (citing *LaSalle Bank Natl. Assoc. v. Johnson*, No. 3:12–1030, 2012 WL 6628940, at *2 (M.D. Tenn. Nov. 29, 2012)).

directed that he be released. Even assuming such a judgment, and its validity, there is no basis for mandamus here.

In a mandamus action, the court can only issue orders against employees, officers or agencies of the United States. *See* 28 U.S.C. § 1361. Federal district courts are not authorized to issue writs of mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"). Therefore, the court cannot afford petitioner the relief he requests.[3]

Accordingly, it is ORDERED that:

1. Petitioner's application for leave to proceed in forma paupers (ECF No. 2) is granted.
2. The Clerk of the Court randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that:

1. The petition for a writ of mandamus be dismissed for lack of jurisdiction, without prejudice to filing an application for a writ of habeas corpus in a new action; and
2. The Clerk be directed to close the case and enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

---

[3] Any claim of incarceration in violation of the Constitution or laws or treaties of the United States, must be pursued by an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

2

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3