# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SOLANO CO.,<br><br>Respondent. | No. 2:19-cv-00540-TLN-EFB<br><br><br><br>**ORDER** |

Petitioner is a state prisoner without counsel seeking a writ of mandamus requiring that the Solano County Superior Court of California discharge him from state custody. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 16, 2019, the magistrate judge filed findings and recommendations herein which were served on Petitioner and which contained notice to Petitioner that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 8.) On August 5, 2019, Petitioner filed objections to the findings and recommendations. (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and the magistrate judge's analysis.

///

In his objections to the Findings and Recommendations, titled, "Affidavit of Facts in Objection to Magistrate Judge's Finding and Recommendations to Reject All Claims and Correct the Record," Petitioner takes issue with the magistrate judge's characterization of his purported judgement entered by the "Shaykamaxum Grand Supreme Court," clarifying that the magistrate judge failed to acknowledge that his case, "No. 04-2013-08237-CV-J2" was "domesticated by filing said judgment in the United States District Court of Nevada in Case No. 2:13-MS-00091…." (ECF No. 11 at 5.) Petitioner's objections also include numerous statements of law, with no factual application to this case. (*See id*., generally.) The Court finds Petitioner's objections are not responsive or relevant to the findings and recommendations and therefore overrules the objections.[1]

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

---

[1] While Petitioner's objections are without merit, they have alerted the Court to numerous other filings Petitioner has submitted within the Ninth Circuit and in the District of Nevada, in which he similarly attempts to execute on purported foreign judgments. *See Jolivette v. California*, 2:13-CV-1882 LKK DAD, 2013 U.S. Dist. LEXIS 172100, 2013 WL 6331356 (E.D. Cal. Dec. 5, 2013); *Jolivette v. People of California*, 3:16-cv-00092, 2016 U.S. Dist. LEXIS 55462, 2016 WL 1714222 (D. Nev. Mar. 10, 2016) (collecting over 15 cases where Petitioner unsuccessfully attempted to register a foreign judgment).

In his objections to the findings and recommendations, Petitioner seeks to "reserve the right to request a certificate of appealability when the Magistrate can provide the correct authority that governs the All Writs Act…." (ECF No. 11 at 8–9.) To the extent that he requests a certificate of appealability, Petitioner provides no legal or factual argument in support of such a request. Accordingly, the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 16, 2019 (ECF No. 8), are adopted in full;

2. The Petition for a Writ of Mandamus, filed March 27, 2019 (ECF No. 1), is DISMISSED for lack of jurisdiction, without prejudice to filing an application for a writ of habeas corpus in a new action;

3. The Court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close the case and enter judgment accordingly.

IT IS SO ORDERED.

Dated: October 1, 2019

Troy L. Nunley
United States District Judge